PASSAIC JUNIOR CHAMBER OF COMMERCE, INC., A NON-PROFIT NEW JERSEY CORPORATION, *ET AL.*, PLAINTIFFS-APPELLANTS, v. HOUSING AUTHORITY OF THE CITY OF PASSAIC, *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 20, 1957—Decided June 10, 1957.

382

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. David W. Hanis* argued the cause for plaintiffs-appellants.

*Mr. William N. Gurtman* argued the cause for defendants-respondents.

The opinion of the court was delivered by

CLAPP, S. J. A. D. This action was brought in the Superior Court, Chancery Division, by the Passaic Junior Chamber of Commerce, Inc. and Charles D. Binns, Warren Binns, Harold Binns and Russell Binns, partners, trading as Binns Passaic Iron and Brass Foundry. The defendants are the Housing Authority, the Board of Commissioners,

aration of trial are essential to any modern judicial system in which the search for truth in aid of justice is paramount and in which concealment and surprise are not to be tolerated." *Lang v. Morgan's Home Equipment Corp.,* 6 *N. J.* 333, 338 (1951) (Chief Justice Vanderbilt). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Tagliabue v. North Bergen Township,* 9 *N. J.* 32, 37 (1952). The role of our discovery techniques "in the attainment of the just and proper disposition of an action is not less, but if anything more, important than that of the trial itself, and the bench and bar share jointly the responsibility to govern the prosecution of the action accordingly." *Schlossberg v. Jersey City Sewerage Authority,* 15 *N. J.* 360, 371 (1954).

Interrogatories to parties are an especially productive technique for discovery of relevant facts. *Burke v. Central R. Co. of N. J.,* 42 *N. J. Super.* 387 (*App. Div.* 1956); *Abbatemarco v. Colton,* 31 *N. J. Super.* 181 (*App. Div.* 1954); *Maraziti v. Corigliano,* 29 *N. J. Super.* 86 (*App. Div.* 1953). Expertly used, they can illumine every area and corner of the litigation, and educe the fullest possible knowledge of the issues and facts before trial, so that the outcome of the litigation will depend on its merits in the light of all the available facts, rather than on the craftiness of the parties or, possibly, the guile of counsel. *Lang v. Morgan's Home Equipment Corp.,* above, 6 *N. J.,* at *page* 338.

The answers to the interrogatories in this action were either knowingly false or their preparation attended by gross carelessness or disregard of accuracy. They are so completely at odds with the testimony given by Salvatore D'Agostino that to permit the present judgment to stand would make a mockery and a shambles of our discovery procedure. When defendant's counsel objected to Salvatore's testimony seeking to establish a verbal agreement with defendant, the trial court should have refused to hear it.

Where a party furnishing answers to interrogatories subsequently obtains information which renders such answers incomplete, he is required to serve amended answers not

later than ten days prior to the day fixed for trial. There-
after amendments may be allowed "only for extraordinary
or compelling reasons and to prevent manifest injustice,
and upon such terms as the court may direct." *R. R.*
4 :23–12. That rule goes on to provide that "In no case
shall amendments be allowed at the trial where it appears
that the evidence sought to be introduced was known to
the party seeking such leave, more than 10 days prior to
the trial." The penalty for failure to correct, amend or
supplement incomplete answers to interrogatories is the ex-
clusion of such omitted data at the trial. See *Abbatemarco
v. Colton, above; Gibillerra v. Rosemawr Homes,* 32 *N. J.
Super.* 315 (*App. Div.* 1954), affirmed on other grounds
19 *N. J.* 166 (1955). *Cf. Burke v. Central R. R. Co. of
N. J.,* above. In practice *R. R.* 4 :23–12, as well as the
sanctions implicit therein, have on occasion been relaxed
in the "interest of justice," both by the trial courts and
by the Appellate Division, in accordance with the authority
of *R. R.* 1 :27A. *Abbatemarco v. Colton,* above; *Barber
v. Vaccaro,* 32 *N. J. Super.* 573 (*App. Div.* 1954); *D'Agata
v. Larson,* 32 *N. J. Super.* 323 (*App. Div.* 1954); *Gibilterra
v. Rosemawr Homes,* above; *Ross v. Ross,* 35 *N. J. Super.*
242 (*Ch. Div.* 1955). It has been said that the factors
which weigh heavily in cancelling the sanction of the exclu-
sion of testimony at the trial for failure to comply with
the rules are (1) absence of a design to mislead or conceal
—as, for example, mistake, inadvertence, excusable neglect,
or honest misunderstanding; (2) absence of the element of
surprise if the evidence is admitted; and (3) absence of
prejudice which would result from the admission of the
evidence. 2 *Schnitzer and Wildstein, op. cit., A IV*–682;
and see the *Abbatemarco, Barber, D'Agata, Gibilterra* and
*Ross* cases, just cited; *Atlantic Northern Airlines, Inc., v.
Schwimmer,* 12 *N. J.* 293 (1953); *Evtush v. Hudson Bus
Transport Co.,* 10 *N. J. Super.* 45 (*App. Div.* 1950). We
find none of these factors present in the record before us.
Although closely cross-examined as to the reason for the
answers he had given to the interrogatories, considered in

the light of his testimony, Salvatore D'Agostino gave none that might remotely be considered as satisfactory, except to venture the suggestion, as we read it, that he meant to refer to DiLuigi as the one who made the "contact" instead of the "contract."

We find it unnecessary to pass upon the other points raised by defendant. The judgment is reversed and the cause remanded for a new trial.